**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JENNIFER LEE W.,

                          Plaintiff,

            v.                                    5:18-CV-64
                                                    (DJS)

NANCY A. BERRYHILL, *Acting Commissioner of*
*Social Security*,

                          Defendant.


**APPEARANCES:**                         **OF COUNSEL:**

OLINSKY LAW GROUP                        HOWARD D. OLINSKY, ESQ.
Counsel for Plaintiff
300 South State Street, Suite 420
Syracuse, New York 13202


HON. GRANT JAQUITH                       PETER JEWETT, ESQ.
United States Attorney                   Special Assistant U.S. Attorney
Northern District of New York
Federal Building
100 S. Clinton Street
Syracuse, NY 13261

**DANIEL J. STEWART**
**United States Magistrate Judge**

### MEMORANDUM-DECISION AND ORDER[1]

        Currently before the Court, in this Social Security action filed by Jennifer Lee W.

("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the

---

[1]  Upon the consent of all parties, this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  *See* Dkt. Nos. 12 & 13.

Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 10 & 15. For the reasons set forth below, Plaintiff's Motion for Judgment on the Pleadings is **denied,** and Defendant's Motion for Judgment on the Pleadings is **granted**. The Commissioner's decision denying Plaintiff's disability benefits is **affirmed** and Plaintiff's Complaint is **dismissed**.

## I. RELEVANT BACKGROUND

### A. Factual Background

Plaintiff was born in 1966. Dkt. No. 9, Admin. Tr. ("Tr."), p. 234. Plaintiff reported completing two years of college education. Tr. at p. 239. Plaintiff has past work experience as a cashier, cake decorator, leasing agent, office manager, legal secretary, sales representative, and retail store clerk. Tr. at pp. 29 & 240. Plaintiff alleges disability due to posttraumatic stress disorder, fibromyalgia, borderline personality disorder, bi-polar disorder, manic depression, agoraphobia, and Graves Disease. Tr. at p. 238.

### B. Procedural History

Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income in September 2014. Tr. at pp. 16, 86, & 211-218. She alleged a disability onset date of August 3, 2010. Tr. at p. 234. Plaintiff's applications were initially denied on November 14, 2014, after which she timely requested a hearing before an

Administrative Law Judge ("ALJ"). Tr. at pp. 16 & 138. Plaintiff appeared at a hearing before ALJ Gregory Hamel on July 8, 2016. Tr. at pp. 40-80. On September 13, 2016, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 16-31. On November 16, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-4.

## C. The ALJ's Decision

In his decision, the ALJ made, *inter alia*, the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2015. Tr. at p. 19. Second, that Plaintiff had not engaged in substantial gainful activity since August 3, 2010, the alleged onset date. *Id.* Third, the ALJ found that Plaintiff had the following severe impairments: fibromyalgia with myalgia and myositis, chronic pain syndrome, depressive disorder, anxiety disorder, posttraumatic stress disorder, and panic disorder without agoraphobia. *Id.* Fourth, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at p. 20. Fifth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work except that she can:

> only occasionally climb stairs, balance, stoop, kneel, crouch and crawl; cannot climb ladders and similar devices; cannot work in hazardous

3

environments; can do frequent but not constant handling, fingering and reaching; can do routine and repetitive tasks only; and cannot do tasks requiring public contact or more than occasional interactions with coworkers.

Tr. at p. 23. Sixth, the ALJ found that Plaintiff was unable to perform any of her past relevant work. Tr. at p. 29. Seventh, the ALJ found that there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform. Tr. at p. 30. The ALJ, therefore, concluded that Plaintiff is not disabled. *Id.*

### D. The Parties' Briefing on Their Cross-Motions

Plaintiff raises two issues for consideration by the Court. *See generally* Dkt. No. 10, Pl.'s Mem. of Law. First, Plaintiff contends that the ALJ failed to reconcile the limitations identified by two consultative examiners whose opinions were given significant weight with the ultimate RFC determination. *Id.* at pp. 12-18. Plaintiff makes several points in support of this argument. She argues that the ALJ erred by failing to specifically incorporate limitations identified by these doctors in the RFC. *Id.* at pp. 12-15. She also argues that the non-exertional limitations identified in the RFC failed to account for the limitations in opinions that were given weight by the ALJ. *Id.* at pp. 13-14. Plaintiff further alleges error in the ALJ's failure to explain why he was not accounting for these limitations. *Id.* at p. 14.

Second, Plaintiff alleges that the ALJ failed to fulfill his obligation to develop the record regarding Plaintiff's ability to reach, handle, and finger. *Id.* at pp. 18-22. As

to this, Plaintiff further alleges that this portion of the RFC determination was not supported by substantial evidence. *Id.*

In response, Defendant takes the position that the ALJ correctly weighed the medical opinions in the record, adequately addressed the functional limitations identified by the treating and consultative physicians, and fully and adequately explained his RFC determination. Dkt. No. 15, Def.'s Mem. of Law at pp. 4-7. Defendant also maintains that the record before the ALJ was fully developed and that the portions of the RFC challenged by Plaintiff were supported by the evidence. *Id.* at pp. 7-10.

## II. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal

principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

## B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

7

# III. ANALYSIS

## A. Whether the RFC Properly Addressed Plaintiff's Ability to Deal with Stress

Doctors Noia and Caldwell, consultative examiners who offered opinions regarding Plaintiff's functional capacity, both found that Plaintiff had moderate to marked limitation in her ability to deal with stress. Tr. at p. 497 & 531. The ALJ gave great weight to Dr. Caldwell's opinion that Plaintiff had no limitation in her ability to follow simple directions, that she had a mild limitation on her ability to maintain attention and concentration, moderate limitations on her ability to perform simple tasks independently and relate adequately with others and a moderate to marked limitation in her ability to appropriately deal with stress. Tr. at pp. 27-28. He gave significant weight to Dr. Noia's opinion that Plaintiff had no limitations in understanding and following simple instructions or directions, performing simple tasks, maintaining attention and concentration, and that she could interact moderately well with others, but had moderate to marked limitations in her ability to deal with stress. Tr. at p. 28.

Plaintiff makes several arguments that the RFC finding failed to address the noted limitation in Plaintiff's ability to handle stress and that reversal is required as a result. *See* Pl.'s Mem. of Law at pp. 12-18. After careful consideration of Plaintiff's arguments, the Court finds that the ALJ amply addressed these findings in the RFC which is supported by substantial evidence. Therefore, there is no basis for reversal.

First, the mere fact that the ALJ gave weight to the opinions of Doctors Caldwell and Noia did not require him to adopt each and every limitation identified by them in

8

his RFC determination. *Crumedy v. Comm'r of Soc. Sec.*, 2017 WL 4480184, at *5 (N.D.N.Y. Oct. 6, 2017) (citing cases); *Schad v. Comm'r of Soc. Sec.*, 2016 WL 1622799, at *6 (N.D.N.Y. Mar. 29, 2016), *report and recommendation adopted sub nom. Schad v. Colvin*, 2016 WL 1627658 (N.D.N.Y. Apr. 22, 2016) (citing *Matta v. Astrue*, 508 Fed. Appx. 53, 56 (2d Cir. 2013)) ("An ALJ does not have to strictly adhere to the entirety of one medical source's opinion."); *Kitka v. Comm'r of Soc. Sec.*, 2016 WL 825259, at *9 (N.D.N.Y. Feb. 9, 2016) ("There is no requirement that the ALJ accept every limitation in the opinion of a consultative examiner."). Plaintiff's contrary suggestion, Pl.'s Mem. of Law at p. 14, is incorrect.

Nor is Plaintiff's reliance on SSR 85-15 sufficient to justify a remand. Plaintiff argues that the ALJ did not comply with SSR 85-15's direction that all of Plaintiff's limitations be reflected in the RFC. Pl.'s Mem. of Law at p. 15. "The text of SSR 85-15, however, specifically states that the ruling only 'clarifies policies applicable in cases involving the evaluation of solely non-exertional impairments.'" *Wyder v. Colvin*, 2018 WL 3866669, at *4 (W.D.N.Y. Aug. 15, 2018) (quoting SSR 85-15, 1985 WL 56857, at *2). As a result, "SSR 85-15 does not even apply to a case like this, where the claimant suffers from a combination of exertional and non-exertional limitations." *Yarington v. Colvin,* 2014 WL 1219315, at *5 (W.D.N.Y. Mar. 24, 2014) (citing cases); *see also Crossman v. Comm'r of Soc. Sec.*, 2015 WL 5943506, at *15 (N.D.N.Y. Oct. 13, 2015).

9

The Court, in any event, disagrees that the RFC failed to address the identified limitations in Plaintiff's ability to deal with stress. After reviewing the record, the Court concludes that while the ALJ "may not have mentioned stress explicitly . . . he implicitly incorporated the effects that stress would have on plaintiff in his RFC." *Figgins v. Berryhill*, 2017 WL 1184341, at *10 (W.D.N.Y. Mar. 29, 2017) (internal emphasis omitted). Courts have routinely held that RFC determinations can adequately account for a claimant's stress without specifically referencing a stress limitation. *See*, *e.g.*, *Clemons v. Comm'r of Soc. Sec.*, 2017 WL 766901, at *6 (N.D.N.Y. Feb. 27, 2017) ("although the ALJ did not explicitly mention plaintiff's ability to manage stress in his RFC determination, his ultimate conclusion that plaintiff could perform simple tasks adequately addressed any limitations that plaintiff had in this functional area").

The ALJ limited Plaintiff to routine and repetitive tasks and stated that Plaintiff "cannot do tasks requiring public contact or more than occasional interactions with coworkers." Tr. at p. 23. He did so after giving significant weight to Dr. Noia's findings that Plaintiff had no limitations in her ability to understand and follow simple instructions or perform simple tasks and that she was able to relate to and interact moderately well with others. Tr. at p. 28; *see also* Tr. at p. 497. Dr. Caldwell, whose opinion was given great weight, similarly found that Plaintiff could follow and understand simple instructions and directions, that she could maintain a regular schedule, and that she had moderate limitations in her ability to relate to others. Tr. at

p. 27; *see also* Tr. at p. 531. The ALJ also found that these opinions were consistent with the medical evidence as a whole. Tr. at p. 28. These findings and the limitations imposed as a result amply addressed Plaintiff's ability to handle stress at work. *Steffens v. Colvin*, 2015 WL 9217058, at *4 (W.D.N.Y. Dec. 16, 2015) ("the RFC finding requiring low contact with coworkers and the public adequately accounted for plaintiff's stress"); *Lafond v. Astrue*, 2013 WL 775369, at *12 (W.D.N.Y. Feb. 28, 2013) ("The ALJ adequately accounted for Lafond's limitations in dealing with stress by restricting him to simple and repetitive tasks; no fast-paced production requirements; the necessity of making only simple decisions; and few, if any, changes in the workplace.").[1]

## B. Whether the ALJ Failed to Properly Develop the Record

Plaintiff next objects to the ALJ's finding in the RFC that Plaintiff could "do frequent but not constant handling, fingering and reaching." Tr. at p. 23. Plaintiff argues that there was no medical opinion in the record to support the ALJ's conclusion that Plaintiff was able to frequently, but not constantly, handle, finger, and reach. Pl.'s Mem. of Law at p. 18. Plaintiff goes on to contend that the lack of medical support for this conclusion in the RFC renders it unsupported by substantial evidence. *Id.* at pp. 19-22. Plaintiff further argues that the ALJ failed to properly develop the record regarding this finding. *Id.* at pp. 21-22. Having reviewed the record, the Court concludes there

---

[1] In urging the Court to reach the opposite conclusion, Plaintiff relies heavily on *Cooley v. Berryhill*, 2017 WL 3236446 (W.D.N.Y. July 31, 2017). *Cooley* clearly supports Plaintiff's contention, but the Court finds the reasoning of the cases cited here to be more persuasive.

was substantial evidence for the RFC limitation at issue and there was no duty to further develop the record as to that point. Accordingly, this is no basis for reversing the ALJ's determination.

Plaintiff objects that the opinions of Doctors Ganesh and Lorensen do not support an RFC for frequent handling, fingering, and reaching. Dr. Ganesh's opinion, Plaintiff tells the Court, "is not supportive of this finding" and Lorensen's "is too vague to translate into a specific limitation." Pl.'s Mem. of Law at p. 20. Neither argument is persuasive.

Dr. Ganesh found that Plaintiff had "[n]o gross physical limitation noted to . . . the use of upper extremities." Tr. at p. 502. He also noted that Plaintiff's musculoskeletal examination showed full range of motion in Plaintiff's shoulders, elbows, forearms, wrists and hips. Tr. at p. 502. Dr. Lorensen found similar range of motion in Plaintiff's elbows, forearms, and wrists. Tr. at p. 536. She then found that that Plaintiff had no gross limitations in "handling small objects with the hands," but did note a moderate restriction on bending. Tr. at p. 537. Contrary to Plaintiff's arguments, these opinions support the ALJ's RFC finding. As to handling and fingering, Dr. Lorensen's finding that Plaintiff had no limitation in handling small objects combined with Dr. Ganesh's finding that she had no limitations in using her upper extremities clearly supports the conclusion that Plaintiff can frequently do these activities. *Michael M. v. Comm'r of Soc. Sec.*, 2019 WL 530801, at *11 (N.D.N.Y. Feb. 11, 2019)

(consultative examiner's findings of "no gross limitations" provided substantial evidence for RFC of light work); *Holland v. Comm'r of Soc. Sec.*, 2016 WL 482063, at *4 (N.D.N.Y. Feb. 5, 2016) (same). Those opinions would arguably support an even less limited RFC determination in these areas, but it is clear that the ALJ credited, at least to some degree, Plaintiff's own testimony about limitations in her hands, Tr. at pp. 23-24, which combined with other evidence discussed by the ALJ fully supports the limitations found by the ALJ.

The ALJ's determination that Plaintiff could frequently reach is also supported by substantial evidence. Dr. Lorensen specifically noted that Plaintiff had a moderate restriction on reaching. Tr. at 537. However, a moderate limitation is not inconsistent with a finding that an individual can engage in frequent, but not constant activity. *See Parks v. Comm'r of Soc. Sec.*, 2016 WL 590227, at *7 (N.D.N.Y. Feb. 11, 2016). Nor does the Court find that Dr. Lorensen's opinion is too vague to support the ALJ's RFC.

> Plaintiff cites *Curry v. Apfel*, 209 F.3d 117, 123-24 (2d Cir. 2000) as holding that vague terms such as 'moderate' restrictions are insufficient bases for making an RFC determination. While this general statement may still be true, more recent cases have held that when there is other medical evidence in addition to an RFC evaluation using terms such as 'mild' and 'moderate,' such terms may properly be used in the RFC analysis.

*Silsbee v. Colvin*, 2015 WL 4508599, at *14 (N.D.N.Y. July 23, 2015) (citing *Tankisi v. Commissioner of Soc. Sec.*, 521 Fed. Appx. 29, 34 (2d Cir. 2013)). As such, the mere use of the word "moderate" does not render an opinion so vague as to not provide

substantial evidence for an RFC determination. *See, e.g., Flake v. Comm'r of Soc. Sec.*, 2016 WL 7017355, at *9 (N.D.N.Y. Nov. 10, 2016), *report and recommendation adopted*, 2016 WL 7017396 (N.D.N.Y. Dec. 1, 2016) (citing cases). Dr. Lorensen's opinion came after a full consultative examination, the results of which are discussed in the record, and is consistent with other medical evidence in the record. "Given the complete context, Dr. [Lorensen]'s use of the term 'moderate' is therefore not too vague to be useful for determining Plaintiff's functional capacity." *White v. Comm'r of Soc. Sec.*, 2018 WL 2170288, at *9 (N.D.N.Y. May 10, 2018).

Finally, to the extent Plaintiff relies on evidence in the record from medical sources other than Doctors Ganesh and Lorensen to argue that Plaintiff's use of her upper extremities was more limited than recognized by the ALJ, Pl.'s Mem. of Law at pp. 20-21, the Court notes that "[i]t is specifically the province of the ALJ . . . 'to choose between properly submitted medical opinions.'" *Ceballos v. Apfel*, 2001 WL 199410, at *10 (S.D.N.Y. Feb. 28, 2001) (quoting *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998)); *Weathers v. Colvin*, 2017 WL 177649, at *5 (N.D.N.Y. Jan. 17, 2017). Contrary to Plaintiff's argument that the ALJ failed to meaningfully consider evidence in the record from Doctors Murphy and Del Pilar, Pl.'s Mem. of Law at pp. 20-21, the ALJ's decision specifically recites the very same findings from those providers that Plaintiff highlights in her arguments to the Court. Tr. at p. 27. The record establishes that the ALJ, after providing a detailed explanation of his analysis of the entire medical record

14

chose to credit the opinions of Doctors Ganesh and Lorensen more than others. Tr. at pp. 23-28. Given the ALJ's established discretion to choose between supported medical opinions, nothing about that choice requires reversal here. *See McBrayer v. Sec'y of Health & Human Servs.*, 712 F.2d 795, 799 (2d Cir.1983) ("[A]n ALJ is free . . . to choose between properly submitted medical opinions."); *Philpot v. Colvin*, 2014 WL 1312147, at *19 (N.D.N.Y. Mar. 31, 2014) ("The ALJ acted within h[is] discretion in weighing the various competing assessments").

Plaintiff also argues that the ALJ failed to fulfill his duty to develop the medical record in this case. Upon review of the arguments in support of that position, however, Plaintiff's argument is more accurately stated as an objection to the ALJ's review and weighing of the record which for the reasons just outlined is not a basis for relief. Nor has Plaintiff established that the ALJ failed to properly develop the record.

"It is well settled that an ALJ has an affirmative duty to develop the record." *Stratton v. Colvin*, 51 F. Supp. 3d 212, 217 (N.D.N.Y. 2014) (citing *Echevarria v. Sec'y of Health & Human Servs.*, 685 F.2d 751, 755 (2d Cir. 1982)). In this regard, the applicable regulations indicate that the Social Security Administration will obtain additional information when insufficient information to make a disability determination is available. 20 C.F.R. §§ 404.1527(c)(3) & 416.927(c)(3). This does not, however, impose "a limitless duty to develop the record on Plaintiff's behalf." *Rodda v. Colvin*, 2013 WL 6839576, at *5 (N.D.N.Y. Dec. 27, 2013). In a case "where there are no

'obvious gaps' in the record, the ALJ is not required to seek additional information."
*Gillard v. Colvin*, 2013 WL 954909, at *2 (N.D.N.Y. Mar. 12, 2013) (citing *Rosa v. Callahan*, 168 F.3d 72, 79 n. 5 (2d Cir. 1999)). Plaintiff's only contention about the lack of record evidence relates to her submission that the opinions of Doctors Ganesh and Lorensen do not support the RFC. Those arguments are without merit and in the absence of any other gap in the record, the Court finds the ALJ was under no duty to further develop the record.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 10) is **DENIED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED**, that Defendant's decision denying Plaintiff disability benefits is **AFFIRMED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum

Decision and Order on the parties.

Dated: March 18, 2019
        Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge